J. T. HENDRICKS ET AL. *v.* N. T. PUGH, ADMR., ETC.

1. STATUTE OF LIMITATIONS. *Plea. Practice. Supreme Court.*
   The defence of the Statute of Limitations, in bar of an appeal, is not available, unless pleaded, in the Supreme Court.

2. SAME. *Decedents' estates. Erroneous insolvency decree. Reversal.*
   The heir cannot, on reversal of a decree of insolvency simply erroneous as to him, plead, against creditors of the estate, the statutory limitation, which accrued after the decree.

3. ESTATES OF DECEDENTS. *Probate Court. Void process.*
   A summons to appear on a past day gives no jurisdiction, and a probate decree for the sale of land, based thereon, is void.

4. SAME. *Insolvency. Infants. Notice.*
   Minor heirs were not entitled to notice of insolvency proceedings in the Probate Court. *Burrus* v. *Burrus*, 56 Miss. 92.

5. SAME. *Defective service of process. Decrees void and voidable.*
   Defective service of process rendered a decree of insolvency erroneous and voidable, but not void.

6. CHANCERY JURISDICTION. *Probate Court decree. Execution thereof.*
   The Chancery Court must, on the administrator's application, execute a probate insolvency decree, only erroneous as to a party who has not appealed.

7. SAME. *Erroneous probate decree. How corrected.*
   The Chancery Court cannot, on such application, vacate such decree for error therein, which can be reached only by reversal or bill of review.

APPEAL from the Chancery Court of Yazoo County.

Hon. E. G. PEYTON, Chancellor.

*Hudson & Hudson,* for the appellants.

1. The decree of 1866 for the sale of the land was void, because the writ could not be returnable on a day passed. The decree of insolvency in 1868 was also void for defective service

of process. Code 1857, p. 429, art. 21; *Hammond* v. *Olive*, 44 Miss. 543; *Foster* v. *Simmons*, 40 Miss. 585; *Brown* v. *Levee Commissioners*, 50 Miss. 468; *Jack* v. *Thompson*, 41 Miss. 49; *Hargus* v. *Bowen*, 46 Miss. 72; *Root* v. *McFerrin*, 37 Miss. 17; *Ingersoll* v. *Ingersoll*, 42 Miss. 155. Process from the Probate Court was required to be executed in the same manner as from the Circuit Court. *Mundy* v. *Calvert*, 40 Miss. 181; *Martin* v. *Williams*, 42 Miss. 210. Decrees of the Probate Court void as to part of the defendants are void as to all. *Martin* v. *Williams*, *ubi supra*. Notice to the infant is essential. The counsel contended that the decision in *Burrus* v. *Burrus*, 56 Miss. 92, was erroneous, and asked the court to reconsider and recall the ruling, and filed an elaborate argument on the point reviewing all the legislation and reported cases bearing thereon. As to process to minors they cited *M'Allister* v. *Moye*, 30 Miss. 258; *Stanton* v. *Pollard*, 24 Miss. 154; *Georgia Lumber Co.* v. *Bissell*, 9 Paige, 225; *Reed* v. *Rice*, 2 J. J. Marsh. 44; *Carrington* v. *Brents*, 1 McLean, 167; *Combs* v. *Young*, 4 Yerger, 218; *Erwin* v. *Carson*, 54 Miss. 282.

2. The Chancellor had power to vacate the former decrees by his decree of 1877, because he was sitting to review the pending case, but his order in 1879 annulling that of 1877 was *coram non judice*, because the decree attempted to be annulled was a final decree, terminating the suit. The lands had never been sold, and no rights of third persons were involved under the decrees of 1866 and 1868, but much remained *in fieri*. The distinctions between a final and an interlocutory decree are drawn in the following cases: *Cook* v. *Bay*, 4 How. 485; *Bankston* v. *Bankston*, 27 Miss. 692; *Goff* v. *Robins*, 33 Miss. 153; *Harris* v. *Fisher*, 5 S. & M. 74; *Stubblefield* v. *McRaven*, 5 S. & M. 130; *Jones* v. *Coon*, 5 S. & M. 751; *Austin* v. *Lamar*, 23 Miss. 189; *Carmichael* v. *Browder*, 3 How. 252. As to what is a final decree, see *Stebbins* v. *Niles*, 13 S. & M. 307; *Cole* v. *Miller*, 32 Miss. 89; *Sagory* v. *Bayless*, 13 S. & M. 153; *Person* v. *Nevitt*, 32 Miss. 180; *Commercial Bank* v. *Lewis*, 13 S. & M. 226; *Pattison* v. *Josselyn*, 43 Miss. 373.

3. All remedy in execution of the insolvency decree, and that for sale of the land, if they were final, was barred before 1879 by the lapse of the statutory period, and the decree of

that year was clearly erroneous. It could not vitalize a void decree or improve a voidable one. If intended as an original decree, it was void, because the debts were all barred before 1879. The appeal from the decree of 1879 has been taken in time. It is unnecessary, therefore, for this court to review the decrees of 1866 and 1868.

*Robert Bowman*, for the appellee.

1. Appeals from Probate Court decrees are allowed only within three years after the rendition thereof. Code 1857, p. 430, art. 28. The prescribed time is a limitation of the Supreme Court's jurisdiction. *Kramer* v. *Holster*, 55 Miss. 243. Appeals which are not matters of constitutional right, but creatures of the statute, must be taken in the time and manner prescribed by the statute. *Hardaway* v. *Biles*, 1 S. & M. 657; *Porter* v. *Grisham*, 3 How. 75. This court cannot, therefore, set aside the decrees of 1866 and 1868 as to the adult heir.

2. The decrees for the sale of the land and of insolvency cannot be set aside as to the minor, because no service was necessary, *Burrus* v. *Burrus*, 56 Miss. 92; nor as to the executor, because he procured the decrees on his sworn petitions. By the decree for the sale of the land, the interest of the heirs was divested, and it was useless to summon them in the insolvency proceedings. Neither decree is void; and, if either is erroneous, it is binding until reversed on appeal by a party affected by the error.

3. By Code 1857, pp. 449, 450, arts. 101, 102, 103, suits against insolvent estates are prohibited. The creditors obtain judgments in the insolvency proceedings. *Winn* v. *Barnett*, 31 Miss. 653; *Holman* v. *Fisher*, 49 Miss. 472. None of the claims were barred at the date of the declaration of insolvency in 1868. The claims remain, therefore, in full force.

*W. P. Harris*, on the same side.

1. This court, after appeal from the decree of insolvency and sale is barred by lapse of time, cannot, under pretext of reviewing an order to execute the decree, review the decree itself. The order of sale, which was made before the decree of insolvency, was adopted thereby. It could be made as well before as after the decree, and was only a step in the insolvency suit. Of the three parties to the insolvency decree,

all are bound thereby. The executor procured it, the adult heir is barred of his appeal, and the infant was not entitled to notice. *Burrus* v. *Burrus*, 56 Miss. 92.

2. One thing is clear. Land is here charged with unpaid debts exceeding its value ; and the appellants' plain object is to escape the debts while they hold the property. Certainly, this court has vigor enough to direct new proceedings or new citations if any error is found. It cannot be decided that it is impossible to rectify the proceedings and impossible to do justice. The court must find a way out of this Serbonian bog.

CHALMERS, J., delivered the opinion of the court.

J. T. Hendricks executor of W. W. Hendricks, deceased, sought and obtained authority from the Probate Court of Yazoo County, in November, 1866, to sell the lands of his testator for the payment of debts. An abortive attempt to carry out the decree was made, but the sale was not effective, because of the inability of the purchaser to comply with the terms of his bid. In 1868, the executor presented another petition to the court, reciting the former proceeding ; representing that, owing to the increase of the debts and the rapid decline in the value of the land, the entire estate had now become insolvent; and praying that it might be so declared, and be administered as such. On March 23, 1868, a decree of insolvency passed, and the land was ordered to be sold. The heirs of the testator who, besides the executor, consisted of one adult and one minor son, were made parties both to the proceeding for sale to pay debts, and to the insolvency proceeding ; but the return of process in both cases was defective. The executor took no steps to execute the decrees of sale ; and, for his failure in this regard, as well as on account of his insufficient bond, he was, on petition of the creditors of the estate, removed from office by the Chancery Court, as the successor of the Probate Court, and N. T. Pugh was appointed administrator *de bonis non cum testamento annexo*, on April 17, 1877. Pugh at once sought authority from the court to execute the decrees of sale granted to his predecessor; but the Chancellor, being of opinion that these decrees were void because of the insufficient service of process on the heirs, refused to grant

the authority, and on April 18, 1877, entered an order, vacating and annulling them. Two years later, to wit, in 1879, Pugh renewed his application for leave to execute these decrees, or for a new decree of insolvency; and the decision of this court in the case of *Burrus* v. *Burrus*, 56 Miss. 92, having then been announced, to the effect that no notice to minors was necessary in Probate Court sales, the Chancellor reversed his former ruling, and ordered the administrator to proceed to execute the decree of insolvency by a sale of the lands. From this order the heirs have appealed; and, upon their request, by order of the court below, this appeal is made to relate back so as to embrace the decrees of 1866 and 1868.

It is argued by counsel for the appellee that the appeal cannot bring these decrees into review, because, more than three years having elapsed since their rendition, an appeal therefrom is barred by the Statute of Limitations. But, no plea of the statute having been filed in this court, this objection cannot be noticed. It is evident from the record, and from the arguments of counsel here, that the whole struggle in this case is to avoid on the one hand, and to apply on the other, the Statute of Limitations to the debts due by the testator.

The heirs contend that the decrees of 1866 and of 1868 were void, and that no new decree for the sale of the land can now be rendered, because the debts against the estate are now barred. The administrator as the agent of the creditors, accepting this theory of the law, strives to show that those decrees are valid, and that he should now be allowed to execute them in order to cut off the plea of the Statute of Limitations which would be urged against a new proceeding. The truth lies between them. The decree of 1866 was a nullity, because the heirs, by a writ issued on Aug. 31, were cited to appear on Aug. 22, and upon the return of this writ, decree *pro confesso* was taken on Nov. 1. The writ which summoned the parties to appear at a day in the past could give the court no jurisdiction.

But the decree of insolvency in 1868 was not void; it was simply erroneous as to one of the heirs, to wit, W. A. Hendricks, the adult defendant to the petition, as to whom the sheriff returned that he had executed the writ " by leaving a true copy at his place of residence, he being absent." The de-

cree was, of course, binding on the executor who was himself an heir, he having procured it. It was binding also upon the minor heir, though defectively served, because, upon the doctrine of *Burrus* v. *Burrus*, 56 Miss. 92, he was not entitled to any notice whatever. When therefore, the administrator with the will annexed asked for authority to execute this decree, the court below was bound to accord it. The decree being simply erroneous, and not void (and erroneous only as to one of the heirs), the Chancery Court could not in this manner sit in judgment upon the erroneous rulings of the Probate Court, which, until reversed by this court or attacked by bill of review, were conclusive between the parties; and its order of April 18, 1877, by which it assumed to vacate and annul the decree of insolvency, was utterly null and void. It follows, therefore, that the order of March 28, 1879, directing the administrator to execute that decree was correct from the standpoint of the court below. But the appeal to this court brings into review before us the correctness of the decree of insolvency, and that decree, as we have seen, was erroneous, because of the insufficient service on the adult heir, W. A. Hendricks. It must therefore be reversed, but this does not necessitate the institution of a new proceeding. The heirs, who are now in court, will have the right to make any defence to it that was available at the date of the former decree. They cannot interpose against the creditors a bar of the Statute of Limitations, which has accrued since that time. The creditors were not parties to the insolvency proceeding; they had no part in procuring the erroneous decree, nor any right to appeal from it. That decree was not only not void, but it was perfectly good until appealed from, and reversed here. The creditors not only had a right to rely, but were forced to rely, upon the validity of the decree up to this moment, when for the first time by this decision it is rendered invalid. Being only erroneous and not void, it was good so long as the sole heir who was imperfectly served with process acquiesced in it, and the creditors had no intimation that he was dissatisfied with it until this appeal was prosecuted. Being voidable only at the instance of the heir, and binding upon him, except upon appeal, the creditors could not prosecute their claims against the estate with this

decree of insolvency unreversed and unappealed from, nor had they any power to invoke the judgment of this court upon its validity. The heir, therefore, cannot be permitted to set up against them the lapse of time to which by his inaction he has forced them to submit. By the institution of the insolvency proceeding, followed by a decree of the court adjudging the estate insolvent, the creditors were prevented from bringing suits; and, while thus prevented, the Statute of Limitations will not run against them.

The decretal order of March 28, 1879, whereby the administrator was ordered to execute the decrees of sale of 1866 and 1868, is reversed. Said decrees of 1866 and 1868 are also reversed; and the court below, all the parties now being in court, will proceed to pass upon the question of the insolvency of the estate, under the proceeding instituted for that purpose on February 25, 1868, with leave to the administrator *de bonis non* to prosecute the same in his own name, and with leave to the heirs to make answer thereto within thirty days of the filing of the mandate of this court in the court below, the costs of this appeal to be equally divided.    *So decreed.*