MARGARET FARMER ET AL *v.* JOHN M. ALLEN.

1. APPEALS.  *Supreme court.   Plea in bar.   Statute of limitations.   Code*
   *1892, ¿ 2752.*

   A plea in bar of an appeal, based on the statute of limitations,
   Code 1892, § 2752, providing that appeals to the supreme court
   shall be prosecuted within two years next after the rendition of
   the judgment or decree complained of, may be filed in and
   passed upon by the supreme court.

2. SAME.   *Decree for sale of land.   Erroneous description.   Effect on*
   *pendency of suit.*

   Where in a suit for the sale of lands a decree was rendered, pur-
   porting to be final, condemning the lands described in the bill to
   sale, but erroneously describing them by giving the wrong sec-
   tion number, the decree, while erroneous, is not void, and upon
   its rendition the suit ceased to be a pending one; and an appeal
   therefrom was, as to all persons not under disability, barred
   two years after its rendition.

3. PARTITION SUIT.   *Dismissal.   Defendants' rights.*

   Where defendants, because of an erroneous description of land in
   what was regarded for years as a final decree in a partition suit,
   seek to have the cause in which it was rendered treated as a
   pending one, and the complainant asks, in the event it be so
   treated, that the cause be dismissed, the defendants cannot com-
   plain of a decree purporting to dismiss it without prejudice to
   their rights to bring any other suit they may see proper.

FROM the chancery court of Lee county.

HON. HENRY L. MULDROW, Chancellor.

Allen, the appellee, commonly called "Private John Allen,"
was the complainant in the court below; Mrs. Farmer and others
were defendants there.   From decrees favorable to complain-
ant, defendants appealed to the supreme court.   The opinion
of the court fully states the facts of the case.

*Anderson & Long,* for appellants.

The petition filed by the surviving defendants on June 24,
1904, is in the nature of a bill of revivor, and was filed on the

idea that all the decrees and orders made in the cause in the years 1886–87 were absolutely void and of no effect, and that, therefore, it was still a pending, undetermined cause. The theory of counsel was that, on account of the long time it had laid in court and on account of the death of one of the defendants, a bill of revivor, or in the nature of such a bill, was necessary in order to proceed with it to a final determination. Under our statute, Code 1892, § 914, there is no such thing in this state as a discontinuance of a cause. *Palmer* v. *State,* 73 Miss., 780; *Insurance Co.* v. *Francis,* 52 Miss., 457; *Tucker* v. *Wilson,* 68 Miss., 693.

The latter case was begun in 1870, and, after trial in court below, went to the supreme court and was reversed, and not another step was taken in the case until about twenty years afterwards, when some of the parties filed a bill in the nature of a bill of revivor. The supreme court held that it had been a pending suit all the time, and should be proceeded with as if a long time had not elapsed.

It was contended in the court below that the cause should not proceed to a final determination without making the person in possession of the land now in controversy, claiming title through the void decree of sale made in 1886, a party; and the court, as we understood, held with that contention.

Our position is that the status of the case in 1886 is its status now. Nothing that has transpired since has any bearing on the issues presented by the original bill filed then. If it is the law that every person who sets up some sort of claim to land, subsequent to the bringing of a suit in reference thereto in the chancery court, must be made a party defendant before the cause can be proceeded with, then there might never be any end to the litigation.

The record in this cause shows that the purchaser at the sale made under the decree rendered in 1886 got no title. The sale was absolutely void so far as concerns the land in controversy in

this cause. It was not sold. The bill sought to sell one lot of land, but a different lot entirely was sold.

At the time this sale took place, and up to Code 1892, there was no statute requiring a *lis pendens* notice; and under the law all persons were affected with such notice whether they had actual knowledge of the pendency of the cause or not. So it seems clear to us that those claiming by virtue of that sale would have no standing whatever in court. They would have no title, either by authority of the sale or adverse possession, and are therefore not even necessary nor proper parties.

The court below erred in dismissing this suit on the motion of the appellee. It was done on the idea that the appellee, who was the complainant in the original bill, had the right to control the suit, and dismiss it or not as he pleased. We are sure, as a matter of law, this is not true. The matter was in this condition: The original bill had been filed, process served, and all of the other proceedings had, as already shown to the court. The defendants, by their petition filed June 24, 1904, to revive the cause, had become the actual parties. On that petition process had been served on Allen. As a matter of fact, the defendants in the cause were the real complainants at the time the court dismissed it, and not the original complainant. In their petition they set up the substance of the original bill, and asked relief in the same; and the cause, in our judgment, could not be dismissed without their consent, under the circumstances of the case. The original complainant, after the filing of the petition referred to by the defendants, could not have been made liable for the cost. Especially is this true in view of the fact that he disclaimed any interest in the land by his motion to dismiss, as well as by the demurrer he interposed to, the petition. Our idea is that when a bill is filed for the partition of land, the defendants have a right to keep it in court until its final determination, notwithstanding one or all of the complainants may desire to dismiss it. The complainant has no more control over such a proceeding than the defendant. As

to the right of complainant to dismiss his bill, we refer the court to the following cases, which we do not contend are directly in point in this case, but illustrative of the power of a complainant over the suit: *Trust Co.* v. *Fitzpatrick,* 71 Miss., 347; *State* v. *Hemingway,* 69 Miss., 491; *Duncan* v. *Robertson,* 57 Miss., 820; *Phillips* v. *Wormley,* 58 Miss., 398.

In this case the appeal is prosecuted from the decrees and orders made in 1886–87 as well as the final decree. This is done on the idea that the appellants have a right, notwithstanding the lapse of time beyond that allowed by statute for taking appeal from final decrees, to appeal from all the decrees and orders made in the case, regardless of how far back such orders and decrees were made.

If a cause is pending in court, say forty years, and certain decrees are made thirty years before the final decree, any party can, within the time prescribed by statute, after making the final decree, appeal to the supreme court, and there the whole record is reviewed, and any error appearing thereon, regardless of when it occurred, which is a reversible error, the court will notice and pass upon.

On the trial of this case in the court below it was contended that the equity principles that the appellants should come into court with clean hands, and should tender back the amount of purchase money received by them from the void sale of land, had some application to this case. We are unable to see what application these principles have. To whom should the money be tendered?

*Harper & Potter,* and *Allen & Robins,* for appellee.

Concede, for the sake of argument, that appellants are right in their contention that the final decree and proceedings thereunder in the original case were void, and that the case stands as if no final decree had been rendered, then the action of the court below in dismissing the original bill without prejudice, on motion of the complainant, was clearly within its discretion

and power. The rule in reference to the right of complainant to dismiss his bill is stated in the case of *Trust Co.* v. *Fitzpatrick,* 71 Miss., 347, as follows: "The general rule is, indisputably, that a litigant may dismiss his complaint; the exception is, that he may not after decree or decretal order, nor after his adversary is entitled to a decree by proceeding in the particular suit. 'The plaintiff is allowed to dismiss his bill on the assumption that it leaves the defendant in the same position in which he would have stood if the suit had not been instituted; but that is not so where there has been a proceeding in the cause which has given the defendant a right against the plaintiff.' *Cooper* v. *Lewis,* 22 Eng. Ch. Rep., 177; *Insurance Co.* v. *Roberts,* 4 Sand. Ch. Rep., 734; *Bank* v. *Rose,* 1 Rich. Eq., 294; 1 Daniel's Ch. Pl. & Pr., 790."

If there had been, as appellants contend, no final decree nor decretal order, then they had certainly acquired no additional rights by the filing of the bill for partition and the proceedings thereunder, and appellee, Allen, had a right to dismiss his bill. The right of the defendants to have the land partitioned existed before the bill was filed, and the filing of the bill and the proceedings thereunder conferred no additional rights on them, and the dissmissal of the bill took no rights away from them, but left the parties to the suit in precisely the same attitude they were in before it was begun. This case, then, comes within none of the exceptions laid down by the authorities to the general rule that a complainant has the right to dismiss his suit.

It seems to us that the contention of appellants that this case stands as if no decree had ever been rendered, and as if no disposition had ever been made of it, is wholly without merit. Suppose, for the sake of argument, that the final decree is void, then the whole proceeding thereunder must fail. The court undertook to dispose of the case, and did all in its power so to do, and thereby it exhausted its jurisdiction of the subject-matter. A void decree ends the proceedings, except upon

appeal, as effectively as any other. If the decree be void, then the only thing the defendants have to do is to ignore it or to appeal from it. But so far as the action of the court below is concerned, the case is at an end after the term of court at which the decree is rendered has expired.

An inspection of the record will convince this court that the final decree was, at most, merely erroneous, and not void, because the court had jurisdiction both of the subject-matter and of the persons;. and so far as these persons, who are parties to the suit, are concerned, the decree is only erroneous, and not void, in that it misdescribes the land. It being merely an erroneous decree, the only way that the parties to the suit can complain is by appeal or by bill of review, in both of which rights they are barred, since the two-years' statute of limitations applies to both remedies.

However, the decree is not erroneous even on appeal, or rather the error in the decree was so manifestly a clerical error that it could and would be corrected at any time on a mere motion.

WHITFIELD, C. J., delivered the opinion of the court.

In 1886 appellee filed a petition in the chancery court of Lee county for the sale, for division of proceeds, of certain land, properly described in the petition as in sec. 34; the said appellee owning one-fourth, and the appellants two-fourths, of said land. At the November term, 1886, a decree was made ordering the sale of the land, describing it as "the property described in the bill of complaint—to wit," but the words "to wit" were followed by describing the land as in sec. 31, and it was advertised and sold as in sec. 31. The sale was reported to, and confirmed by, the court as being in sec. 31, and the proceeds were ordered distributed, and were distributed in accordance with the decree, and a report of that made and confirmed by the court, the whole suit being thus carried through and conducted to the usual, regular conclusion. At

the sale one J. F. Booth became the purchaser, entered imme-
diately into possession of the land, and received a deed describ-
ing it as in sec. 31, and has remained in adverse possession of
it ever since. Nobody ever dreamed of any mistake as to the
description of the land having been made until June, 1904,
when a petition was filed in the chancery court of Lee county
by the defendants in that suit (appellants here), reciting all
that had taken place and giving notice to the complainant in
the original case (J. M. Allen) that "it was the purpose of
these petitioners to proceed with said case to final determina-
tion," and praying that, on final hearing, the said original suit
should be revived and the said land in sec. 34 sold, and a divi-
sion of proceeds made between J. M. Allen and the defendants.
Allen demurred to the petition on the ground, chiefly, that the
said original suit had long since been fully concluded and
terminated, and was not therefore in any sense a pending
suit, and also on the ground that Booth, the purchaser, was
not made a party defendant to the petition, and that the appel-
lants were estopped by the proceedings in the original case to
question the sale without making the purchaser a party and
offering to do equity by paying back the purchase money. This
demurrer was sustained. Whereupon the appellants (defend-
ants to the original proceedings) amended their petition. This
amended petition was met by a motion on the part of Allen to
dismiss the cause, if it could be considered as still pending, for
the reason that he was in no way interested in the said land,
and did not desire to prosecute the suit any further, or to be
responsible for costs therein, being fully satisfied with the pro-
ceedings had in the original cause, and on the further ground
that, if the defendants wished to proceed with litigation touch-
ing the said property, they should file an original bill. This
motion was sustained and the whole proceeding dismissed with-
out prejudice to any right defendants might have to file an
original bill. Thereupon appellants appealed to this court
from the decree sustaining said demurrer and the decree sus-

taining said motion, and also appealed from the original decrees made in 1886 and 1887. As to these two last decrees, appellee interposes the statute of limitations, and the appellants have made a motion to strike out said pleas on the ground that this court is without power to entertain such pleas.

Dealing first with the motion, we have to say that it must be overruled. The pleas in bar of the appeals from the decrees in 1886 and 1887 were properly filed in this court. See *Parker* v. *Johnson,* 47 Miss., 632; *Hendricks* v. *Pugh,* 57 Miss., 157; and *Finney* v. *Speed,* 71 Miss., 32 (14 South. Rep., 465).

This is a unique case. It stands alone, "like Adam's recollection of his fall." The record shows not only that the appellee, like Shakespeare's greatest creature, was not only "witty himself, but the occasion of wit in others," but it also discloses the fact that he has humor of such pungent and vital quality that it can impart itself to the dry record of a partition suit, and, there embalmed, like the seed grain wrapped in the foldings of the mummy, survive for twenty years, to bloom and sparkle anew for "the gayety of nations!" Defendants in the original proceedings want the cotillon of the long ago resumed, and insist that Mr. Allen shall dance to them as his partners. Mr. Allen protests, insisting that the dance was long since finally concluded, its flowers faded, its music hushed, and that he will not be a party to a representation, in such ghostly fashion, of a drama long since acted. He says that the land was sold fairly, that the purchaser got the land really described in the bill and intended to be sold, and that he and the defendants got the purchase money of the land, and he insists upon the preservation of the *status quo,* and finds it impossible to derive any satisfaction in further reflection upon money received and long since spent. But to "leave this sharp encounter of our wits, and fall somewhat into a slower method," we observe, touching the legal points made: First, that the fundamental mistake made by the appellants in this proceeding is in supposing that the original suit is still a pending case. It is not

a pending case at all. It is wholly unlike the case of *Tucker* v. *Wilson,* 68 Miss., 691 (9 South. Rep., 898), which last was a pending case at the time of that decision. There the case had been reversed in the supreme court in 1873; but as the costs had not been paid, the mandate never was sent to the court below, and nothing was ever done in the real case for fifteen years thereafter. The court held in *Tucker* v. *Wilson* that in the attitude of affairs the cause could be proceeded with from the point at which it was left when the court had reversed it fifteen years before. Manifestly, there was there a case still pending, and requiring to be proceeded with, after reversal, on the return of the mandate to the court below. Here the court did proceed with and did finally terminate the case in the chancery court of Lee county. If, as is insisted, in one view, the decree was void because the land was described in one part of the decree as in sec. 31, when it was in fact in sec. 34, then all appellants had to do was to ignore the void proceeding or to appeal from the decree; but we think that at the most the decree was erroneous, and not void. The land, the subject-matter of the litigation, was properly described in the bill and in the decree, in one part of it, which said that the commissioner should sell the land described in the bill; the court had complete jurisdiction both of the subject matter and of the parties; every step taken was in strict conformity with the law; and the mere clerical misprision in writing "31" for "34" was easily correctible by the record itself. But if there had been an appeal prosecuted from the final decree to this court, the judgment here would simply have been reversing the case, simply for this error, and rendering the same decree here, with the error corrected. Manifestly, it was the duty of the appellants to have appealed from these merely erroneous decrees within the time allowed by law. That they did not do, and the appeals from the decrees rendered in 1886 and 1887 have long since been barred. We therefore sustain the pleas filed in bar of these two appeals, and they are hereby dismissed.

As to the decree sustaining the demurrer and sustaining the motion to dismiss the proceedings, we say: First—That, since the case was not a pending one, but a concluded one, the demurrer was properly sustained. Second—That, since the dismissal of the case was without prejudice to any rights the appellants may have to file a bill on their own behalf, it cannot be said the chancellor abused his discretion. We think he properly sustained the motion.

This petition simply prayed that the complainant should be required to proceed against them, the defendants, as if the suit had never been terminated, and that the land should be resold, and the proceeds a second time divided between Mr. Allen and appellants. Allen demurred, saying that the land had been sold once—this very land; that the purchaser had gone into possession, and had had it for twenty years; that he had got his part of the purchase money, and the appellants theirs; and that that ought to be the end of the matter. Logically, morally, and legally, we think that the right attitude; wherefore

*The last two decrees are affirmed.*