JOHN K. NUTT, ADMINISTRATOR, v. GERARD BRANDON, ADMIN-
ISTRATOR.

JOHN K. NUTT, ADMINISTRATOR, v. ELIZABETH A. FORSYTHE
ET AL.

JOHN K. NUTT, ADMINISTRATOR, v. PATRICK HENRY, EXECU-
TOR.


THREE CASES.


ESTATE OF DECEDENTS.  *Insolvency.  Suits against.  Statute of limita-
tion.*

There was no statute of Mississippi after the code of 1857 became
operative, November 1, 1857, and before the code of 1880 went
into effect, November 1, 1880, prohibiting suits upon debts due
from the insolvent estate of a decedent, although there was such
a statute both before (Laws 1821, p. 72; Hutchinson's Code, p.
668) and afterwards (Code 1880, § 2062; Code 1892, § 1946);
hence the statutes of limitation against such debts were not sus-
pended during said period of time by the decree of insolvency.
*Hendricks* v. *Pugh*, 57 Miss., 157, and *Pool* v. *Ellis*, 64 Miss., 555,
explained.


FROM the chancery court of Adams county.

HON. WILLIAM P. S. VENTRESS, Chancellor.

The appellee, Brandon, administrator of a deceased heir; Mrs.
Forsythe and others, heirs; and Henry, executor of a deceased
heir of Haller Nutt, deceased, of whose estate the appellant,
John K. Nutt, was the administrator, petitioned the chancery
court to compel said administrator to make distribution of
money in his hands.   The only defense made by the administra-
tor was predicated of the fact that debts of considerable
amounts, aggregating $90,000, had been probated against the
estate, which had not been paid.   The petitioners contended, in
answer to this defense, that all of said debts were long since
barred by the statute of limitation, and this was the only ques-

tion in the case, and this in turn was resolvable by the inquiry whether the running of the statute against the debts was suspended by the decree, rendered in 1867, adjudging the estate of the decedent insolvent. From a decree ordering distribution, the administrator, Nutt, appealed all of said cases to the supreme court.

Julia A. Nutt was appointed administratrix of the estate of her husband, Haller Nutt, in 1866; and, upon her petition, after notice had been given to the heirs and distributees of that estate, the estate was, at the June term, 1867, of the probate court, declared insolvent; and under that decree Julia A. Nutt, as administratrix, made a sale of all the land belonging to the estate, and reported the sale to the probate court, and the sale was confirmed, and a decree rendered requiring the administratrix to publish notice to creditors of the estate to come forward and prove their claims on or before the first day of November, 1868, or such claims would be barred, and publication was duly made; and there are no further proceedings in the administration of the estate, but claims against the estate of Haller Nutt were registered by creditors, amounting to about $90,000. John K. Nutt, present appellant, was subsequently appointed administrator d. b. n. c. t. a. of the estate of Haller Nutt, deceased, and in 1902 received, as such administrator, $60,000, the proceeds of a claim against the United States government.

[For a previous report of these cases, see *Nutt* v. *Forsythe et al.,* 84 Miss., 211, and for reports of cases growing out of the affairs of the same estate, see *Knut* v. *Nutt,* 83 Miss., 365, and *Nutt* v. *Knut,* 84 Miss., 465.]

*Percy & Campbell,* for appellant.

Owing to the confusion and uncertainty in the statutes and decisions in regard to the effect of insolvency proceedings in arresting the statute of limitation, the administrator is apprehensive lest a distribution of the estate to the distributees will be followed by an attempt on the part of creditors to make him

respond to their stale demands, and it is this apprehension which has impelled him to prosecute this appeal. He asks that the court pass upon the rights of creditors as fully as if such rights were being presented by these creditors who have lain dormant.

*J. A. P. Campbell,* for the appellees, argued the case orally, and a synopsis of his argument is here given:

Prior to the code of 1857 the statutes prohibited suits against the personal representative of an estate after decree of insolvency. By code of 1857 the prohibition to sue was repealed, and creditors were left free to sue, but according to *Whiting* v. *Parker,* 6 How. (Miss.), 352, 359, no execution was allowable. The law thus remained until the code of 1880. The administration of Nutt's estate was begun in 1866, and it was declared insolvent in 1867. There being no hindrance to creditors to sue, the statutes of limitation were operative, and every claim was long since barred. Our longest time for any sort of claim is ten years, and here nearly forty have expired. The argument is a demonstration, and there could be no difference of opinion about it but for an inadvertent and unfortunate, because untrue, declaration of this court in *Hendricks* v. *Pugh,* 57 Miss., 157, blindly followed in *Pool* v. *Ellis,* 64 Miss., 555. Both are clearly wrong, and this court is called on to correct the error. *Hendricks* v. *Pugh* really rests on estoppel because of peculiar circumstances, and in *Pool* v. *Ellis* the question was unimportant, as shown by the opinion. At all events, they are both wrong in this feature, and should be so declared to vindicate the law. The appellant is ready to distribute, if this court will declare, as it is earnestly asked by all parties to do, that the statutes of limitation were uninterrupted by the decree of insolvency.

*Reed & Brandon,* for appellees, Brandon, administrator, and Mary A. and Elizabeth Forsythe; and *Henry & Scudder,* for appellee, Henry, executor.

The briefs of counsel for appellees presented the same points

as those made by Judge Campbell in his oral argument, a synopsis of which is given above.

CALHOON, J., delivered the opinion of the court.

· If there was in the creditors the right and power to sue, not exercised for seven, or certainly for ten, years, it is clear they are barred. By ch. 30, p. 72, Laws 1821, sec. 103, (Hutchinson's Code, p. 668), actions against executors and administrators of insolvent estates, after declaration of insolvency, are expressly forbidden, except for debts for expenses of the last sickness and funeral. By Laws 1822, p. 85, sec. 1 (Hutchinson's Code, p. 673, art. 2), the law was so changed as to permit suits pending at the date of the representation of insolvency to the court to proceed to trial and judgment. But by *Parker* v. *Whiting's Adm'r,* 6 How. (Miss.), 352, 359, it was held that, even then, execution could not be issued, because the court said the spirit of the law forbade plaintiff from making his judgment effectual over other claims, and the judgment was in such case merely the judicial ascertainment of the correctness of the claim to be registered, as others, for equal distribution. The law stood in this condition for thirty-five years, and until the code of 1857. This code, or any law up to 1880, has no clause forbidding suits or actions against the representatives of insolvent estates, and in the record before us the estate was declared insolvent in 1867, under the code of 1857. The omission in this code of 1857 to forbid suits was not considered in *Hendricks* v. *Pugh,* 57 Miss., 162, 163, and this led to the erroneous paragraph on top of page 163. The case was decided really on the idea that in that case the heir was estopped, for reasons given, from setting up the statute of limitations. This error was inadvertently followed in *Pool* v. *Ellis,* 64 Miss., 555 (1 South. Rep., 725), when, also, it was unnecessary to the decision of the case. We cannot follow these unnecessary expressions, and so we hold the claims long since barred, and that appellant may make distribution.

*Affirmed.*