TOWN OF TUTWILER *v.* GIBSON.

[78 South. 926, In Banc.]

1. APPEAL AND ERROR. *Motion to Dismiss Appeal. Effect.*
   A motion to dismiss an appeal because taken after the expiration of the time allowed by statute will be treated as a plea in bar of the appeal.

.2. SAME.
   Where the reco.d contains neither a petition nor a bond for appeal, under section 47, Code 1906, (Hemingway's Code, sec-

tion 23), the appeal must be considered as having been taken at the time the record was filed in the supreme court.

3. APPEAL AND ERROR. *Time for appeal. Municipal corporations.*
    Section 104, constitution 1890, and Code 1906, section 3096 (Hemingway's Code, section 2460,), Providing that the statute of limitations in civil cases shall not run against municipal corporations have no application to appeals, since the right of appeal exists only by virtue of statute and section 3112 (Hemingway's Code, section 2476), fixing the time for taking appeals must be construed with section 33, Code 1906 (Hemingway's Code, section 8), authorizing appeals.

APPEAL from the circuit court of Tallahatchie County. Hon. E. D. Dinkins, Judge.

Suit by Mrs. E. W. Gibson against the town of Tutwiler. From the judgment rendered, the town of Tutwiler appeals.

The facts are fully stated in the opinion of the court. court.

*Hays, Stingley & Whitten* and *Wells, May & Sanders,* for appellants.

*Ward & Ward* and *R. H. & J. H. Thompson,* for appellee.

SMITH, C. J., delivered the opinion of the court.

This cause comes on to be heard on motion by appellee to dismiss the appeal on the ground that it was taken after the expiration of the time allowed by the statute therefor, which motion is in effect, and will be treated as, a plea in bar of the appeal.

The judgment appealed from was rendered on the 11th day of March, 1915, and the record was filed in this court on the 27th day of February, 1918, two years, eleven months, and fifteen days thereafter. The record contains neither a petition nor a bond for appeal, so that, under section 47, Code of 1906 (Hemingway's

Code, section 23), the appeal must be considered as having been taken at the time the record was filed in this court.

Section 3112, Code of 1906 (Hemingway's Code, section 2476), provides that appeals to the supreme court shall be taken within two years next after the rendition of the judgment or decree complained of, which time was reduced by the Laws of 1916, chapter 222, to one year. Section 24, Hemingway's Code. Since both of these periods of time had expired when the apppal was taken, we are not called upon here to decide whether the original statute or the amendment thereto governs. Section 104 of our state Constitution, and section 3096, Code of 1906 (Hemingway's Code, seceion 2460), provide that "statutes of limitation in civil cases shall not run against the state, or any subdivision or municipal corporation thereof." These sections, however, have no bearing upon the question here presented for the reason that the statute limiting the time within which appeal to the supreme court must be taken is not a statute of limitation in the ordinary sense. The right of appeal exists only by virtue of the statutes which confer it, can be exercised only in accordance therewith and within the time allowed thereby. Section 33, Code of 1906 (Hemingway's Code, section 8), by which the right of appeal is granted, and section 3112, Code of 1906 (Hemingway's Code, section 2476), are but parts of the legislative scheme by which the right to appeal is granted and regulated. Consequently they must be construed together and given the same interpretation as if they were in fact, as they are in effect parts of the same statute; and, when this is done, it will appear that the right granted by the first of these sections is not simply the right to appeal but the right to appeal within a specified time.

It is, for obvious reasons, to the interest of the public that the time within which appeals in civil cases

117 Miss.—56

can be taken should be limited, which reasons apply with equal force to a municipality that they do to a natural person, which fact, we presume, influenced the legislature in making no distinction between them.

*Motion sustained.*

ETHRIDGE, J. (dissenting). I dissent from the view of the majority on this motion to dismiss. Section 94 of the Code of 1906 (Hemingway's Code, section 76), gives the state, counties, and municipalities and public officers representing them, the right of appeal, and in this section there is no limitation whatever upon the right so far as time is concerned. This section is in the chapter on Appeals, and if it was the only section bearing upon the question there could be no doubt that there would be no time limit upon the taking of appeals during the life of the judgment. The only limitation upon the right to appeal is contained in section 3112 of the Code of 1906 (section 2476, Hemingway's Code), in the chapter of limitation of actions, which reads as follows:

"Appeals to the supreme court shall be taken within two years next after the rendition of the judgment or decree complained of, and not after, saving to persons under disability of infancy or unsoundness of mind the like period after their disability shall have been removed."

In the same chapter on the limitation of actions is section 3096 of the Code of 1906 (Hemingway's Code, section 2460), which reads as follows:

"Statutes of limitation in civil cases shall not run against the state, or any subdivision or municipal corporation thereof: but all such statutes shall run in favor of the state, the counties, and the municipal corporations therein; and the statutes of limitations shall begin to run in favor of the state, the counties, and municipal corporations at the time when the plain-

tiff first had the right to demand payment of the officer or board authorized to allow or disallow the claim sued upon.''

This section was section 3112, Code of 1906, section (2752) of the Code of 1892 and section 2682 of the Code of 1880, and in that Code, which was in force when the Constitution of 1890 was adopted, this section on limitations of appeals was in the chapter on limitation of actions, and not in the chapter on Appeals. And the same is true of all of the Codes of the state, beginning with Hutchinson's Code and coming down to the present upon that subject. The legislature classified this statute as a statute of limitation, and placed it in the chapter upon that subject, and throughout the legislative history it has been in the chapter on limitation, and not in the chapter on Appeals or the chapter on writs of error in the same Code when the writ of error was the method of bringing causes for review on appeal. In the Code of 1857 it was expressly provided at page 402, article 25, of the chapter on limitations of actions that the limitations herein prescribed for the commencement of actions shall apply to the same actions, when brought in the name of the state or any county or in the name of any officer, or otherwise, for the benefit of the state or any county, in the same manner as actions brought by citizens. In this same chapter on page 401, article 17, appeals were limited by statute to three years next after the rendition of the judgment or decree complained of. The statute making the limitation run against the state, counties, and municipalities remained in force from 1857 to 1877, and the result was disastrous to the interests of the state, and during this period of time millions of dollars worth of property belonging to the state were acquired by individuals without any claim of right other than the fact that they went upon the property and used it and claimed it. This evil was so glaring that the legisla-

ture in 1877 changed the law upon that subject. (Laws, 1877, chapter 49). When the Constitutional Convention met in 1890, having full knowledge of the evils of permitting the statute of limitations to run against the state, counties, and municipalities and the losses that would come through negligence of the officers and servants of the state in looking after the public business, enacted section 104 of the Constitution which sought to establish beyond legislative control a policy that the limitation of actions should not run against the state, any subdivision thereof, or any municipal corporation thereof. Certainly the statute in the present case is a statute limiting a right in a "civil cause." Section 104 reads as follows:

"Statutes of limitation in civil causes shall not run against the state, or any subdivision or municipal corporation thereof."

The Constitution, while establishing the policy that the statute of limitations should not run against the state, was silent as to whether it should run in favor of the state, leaving that subject to the legislature, and the legislature, which has the right to establish and pass upon questions of public policy, enacted section 3096 of the Code of 1906 (section 2460 of Hemingway's Code), providing that the statute should run in favor of the state, counties, and municipalities, but should not run against them. So, it appears clear to me that, if there was no authority upon the question at all in this state, considering all these statutes together, and considering the way in which they have been classified by the legislature itself, would make it perfectly clear that the statute of limitation limiting appeals should not run against the state or any subdivision thereof, including municipal corporations. However, our court has had occasion to consider this question on several occasions and have recognized the statute limiting appeals as being a statute of limitation and not a condition of appeal.

In the case of Hendricks v. Pugh, 57 Miss. 157, in the first syllabus the court held that the defense of the statute of limitations in bar of an appeal is not available unless pleaded in the supreme court. On page 162 in the course of the opinion of the court Judge Chalmers, speaking for the court, said:

"It is argued by counsel for the appellee that the appeal could not bring these decrees into review, because, more than three years having elapsed since their rendition, appeal therefrom is barred by the statute of limitations. But no plea of the statute having been filed in this court, this objection cannot be noticed."

If the statute limiting the appeal was a part of the statute granting the appeal and is to be construed as a condition of the right and not as a statute of limitation as now held by a majority, the court did not know what it was talking about when it delivered this decision. In *Farmer* v. *Allen,* 85 Miss. 672, 38 So. 38, this court, speaking through Chief Justice Whitfield, in passing upon a similar question, quotes with approval *Hendricks* v. *Pugh,* 57 Miss. 157, and *Parker* v. *Johnson,* 47 Miss. 632, and *Finney* v. *Speed,* 71 Miss. 32, 14 So. 465, held that pleas in bar of appeals from the decrees involved in the case before the court were properly filed. In that case it was insisted that the plea of the statute of limitation could not be pleaded in the supreme court. All of these cases recognize the time limit for taking appeals as being a statute of limitation which should be pleaded, and not as a statute imposing a condition upon appeal. If the statute were pleaded, it could be replied to, and the attorney for the town of Tutwiler in his brief said that a petition for appeal was filed within the two-year limit though no such petition appears in the record. If we consider the question on principle, the same reasons underlie the statute limiting an appeal as underlie a statute limiting bills of review and the commencement of actions

generally. An appeal is no more a part of procedure than is a bill of review or an original bill or a declaration in a civil action. Each is in one sense a procedure in court, or a step in enforcing a right, but each deals with the rights and remedies of the litigants. An appeal is the taking of a cause of action from one court to another, where the rights of the parties litigant are passed upon. As a general rule, the statute of limitation deals with remedies; and, while in this state a completion of the period of limitation bars the right as well as the remedy, it primarily and fundamentally deals with remedies, and clearly an appeal comes within the principle of the statute of limitation. The limitation of a period to enforce a right is purely a matter of statute. It did not exist at the common law, and at the common law no right admitted to exist could be prevented from being enforced in the courts. At the common law a presumption would arise from a long lapse of time that the obligation had been performed or discharged, or that there had been a grant, but this was purely a presumption yielded to the proof.