*Young* and *Wm. Mattocks,* for the defendant.

───────⟶⟨▣⟩⟵───────

Hannah Cummings, Adm'x, ap'lee, *vs.* Jesse Hugh, ap'lant.

That a person, wishing to appeal from a decree of a court of probate, has twenty days for the purpose, after the decree is complete.

That, if the appeal is prayed for, and a bond deposited within the twenty days, the applicant does not lose his right by the Court' staking time for advice, or otherwise neging to allow the appeal till the twenty days expire.

This was an appeal, taken by *Jesse Hugh,* a creditor of the deceased, from the decree of the probate court, allowing the account of said administratrix.    The appellee filed her regular motion to dismiss the appeal, as being irregularly taken.    A number of reasons were stated in the motion, why the appeal should be dismissed.    These were all predicated upon supposed defects in the probate copies, produced by the appellant, by reason of which they failed to show the appeal to be regular.    Some of these objections have been removed by the production of additional copies

ESSEX,
*March,*
1830.

Cummings
*vs.*
Hugh.

f m the probate records. Such as were not thus removed were r3 following :

1. That the appeal was taken from an order and decree made ne first day of July, 1829, when no such order was made at that ime : and connected with this, that the appeal was not applied for, nor taken, within twenty days from the making of the decree.— With regard to these, the record shows that the probate court was holden on the first day of July, and continued to the second day, and the business and decree closed the second day : also, that the appeal was in fact taken on the twentieth day of said July. That so appears by the bond and the certificate of the register upon the bond : but the record at large of the appeal avers, that it was applied for and taken within twenty days from the time of making the decree, without stating the exact day.

2. That there is no date to the allowance of the appeal, nor to the order of notice.

3. That no person appeared to object to the administratrix's account before the court of probate.

These points were argued by counsel, and the opinion of the Court was pronounced by

HUTCHINSON, J.—There is no difficulty under the first exception, but what results from stating the probate court to be holden the first day of July, without stating the continuance of the business, settling the administratrix's account, &c. to the second. The first is truly stated ; the court was then holden ; and the record shows the continuance to the second, before the decree was complete. As a matter of description it was well to state the court to have been holden the first, as is done in this case. This would not be altered by the court's continuing several days before the business assiged for the first day was finished. Then arises the question, when do the twenty days commence, within which any person must appeal ? The statute gives the twenty days from the making of such order or decree. Now there could be no appeal until the decree was complete ; and then, and not till then, do the twenty days begin to run. And this decree being completed the second, the appeal, claimed the twentieth day of July, was in season.

With regard to the second objection, the record says, "within twenty days ;" but does not give the exact day. The necessary inference from this record is, that all there recorded was done under the date last mentioned, which, in this case, was an indefinite day within twenty days from the making and completing the decree. But if the probate court, after a proper application for an appeal, took time to consider of the subject, or neglected to com-

<div style="margin-left:auto">

**Essex,**
**March,**
**1830.**

Cummings
*vs.*
Hugh.

</div>

plete the allowance of the appeal, and make the order of none, till the twenty days had expired, the party applying must not thereby lose his rights. Indeed, such neglect might be the ground of a mandamus to compel the completion of the business, and the transmitting the appeal to the proper court. And, when it is complete, it may be considered as done at the day when the application was made and the bond lodged. This exception is overruled.

With regard to the third objection, that no person appeared to object to the administratrix's account, this was not necessary in order to entitle to an appeal. The twenty days are given for the very purpose of entering an appeal by those who are not present, when the decree is made. The law supposes that many persons, at least, who are interested, will not be present, and saves their rights by giving this period.

The motion to dismiss is overruled.

*John Mattocks*, for the appellee.

*Cushman*, for the appellant.