[No. 2125, May 19, 1919.]
## DE FAYETTE et al. v. BOWMAN

### SYLLABUS BY THE COURT.

Under an order allowing an appeal dated May 26, 1917, and filed June 8, 1917, which order appellant admits was not signed until June 8, 1917, the appellant is not within the six months which the statute allows for appeals from the district to the Supreme Court, where the order appealed from is dated November 28, 1916, vacating a default judgment, even if it is admitted that such order vacating a judgment is a final judgment, from which an appeal may be taken under section 1, c. 77, Laws 1915.

Appeal from District Court, Santa Fe County; Abbott, Judge.

Action by Carlota G. De Fayette and others against Martha P. Vaughn; H. S. Bowman, administrator, sub-

stituted.  Judgment against defendant by default, motion to vacate default and stay execution and to permit filing of answer to amended complaint granted, and plaintiffs appeal.  Appeal dismissed.

E. P. DAVIES, of Santa Fe, for appellants.

H. S. BOWMAN, of Santa Fe, for appellee.

·  OPINION OF THE COURT.

RAYNOLDS, J.  The original complaint in this case was filed on February 18, 1916.  The defendant interposed a demurrer thereto, which was filed on March 8, 1916.  Plaintiff below, appellant here, elected to plead over without a ruling on the demurrer, and on June 2, 1916, filed her first amended complaint.  On July 14, 1916, 42 days thereafter, appellee filed a motion for an order to require the appellant to give security for costs. On July 19, 1916, a certificate of nonappearance was filed by the clerk of the district court, and on July 24, 1916, appellee was declared to be in default, and judgment rendered against her, as prayed in said amended complaint.  Execution was issued on October 24, 1916.  On November 25, 1916, more than 60 days after the entry of judgment, appellee filed a motion to vacate said judgment, to stay execution and to permit the filing of an answer to the amended complaint.  On November 28, 1916, an order was entered granting the relief asked in said motion. A subsequent motion on December 29, 1916, was then filed by the appellant, moving the court to reconsider the motion to vacate previously entered, and reconsider the judgment.  On January 3, 1917, appellee filed an amended motion to vacate the judgment.  Upon hearing these last two mentioned motions, the court on March 26, 1917, adhered to its former order of November 28, 1916, vacating the judgment, recalling the execution, and allowing the appellee to answer.  From the order of November 28, 1916, vacating the default judgment and the second order of March 26, 1917, adhering to the first order, this appeal is taken, and the appellant as-

signs as error the action of the trial court in setting aside the default judgment.

The motion for the order allowing an appeal and the order thereon allowing the appeal, which were both on the same sheet of paper, were filed June 8, 1917. The order allowing the appeal was dated May 26, 1917. The appellee, in a motion filed March 25, 1918, moved the court to dismiss the appeal on the ground: First, that the orders of November 28, 1916, and March 26, 1917, are not final judgments, and this court has no jurisdiction to consider them; and, second, that the application praying for an order allowing the appeal and the order granting the appeal were not made within the time prescribed for the allowance of appeals from the district to the Supreme Court.

The appellant admits in his brief that the order for the appeal was granted on the day the motion for appeal was made, and was filed on the same day, i. e., June 8, 1917. Even if it is conceded that the order of November 28, 1916, vacating the judgment, is a final judgment from which an appeal can be taken under chapter 77, § 1, of the Laws of 1915, the appellant is not within the six-month period which the statute gives for appeals, and the second ground of appellee's motion disposes of the case. The appeal must be taken within the time allowed by law, which in this case is six months. 3 C. J. "Appeal and Error," p. 1040, pars. 1032, 1077, 1122. The order allowing the appeal cannot be dated back so as to give the court jurisdiction when the time has passed for taking the appeal. The court cannot do indirectly what it cannot do directly. 3 C. J. "Appeal and Error," §§ 1077, 1122; 2 Cent. Dig. "Appeal and Error," § 1922, and cases cited; Wait v. Van Allen, 22 N. Y. 319.

For the reasons above stated, the motion to dismiss the appeal is granted; and it is so ordered.

PARKER, C. J., and ROBERTS, J., concur.