## SIMMERS et al. v. BOYD et al.

### (No. 2441.    May 27, 1920.)

### SYLLABUS BY THE COURT.

1.    Where an appeal was either not taken within 6 months from the entry of the final judgment, or, if taken within the time limited, the cost bond was not filed within 30 days, as required by section 15, c. 43, Laws 1917, the appeal will be dismissed.    Hernandez v. Roberts, 24 N. M. 253, 173 Pac. 1034, followed.

Appeal from District Court, Doña Ana County; Medler, Judge.

Action between John Alexander Simmers and another and Nathan E. Boyd and another. Judgment for the latter, and the former appeal.    Appeal dismissed.

HOLT & SUTHERLAND, of Las Cruces, for appellants.
J. H. PAXTON, of Las Cruces, for appellees.

### OPINION OF THE COURT.

ROBERTS, J. In this case final judgment was signed by the district judge on the 25th day of September, 1918.    The judgment was filed with the clerk of the district court on the 26th day of September, 1918.    On the 25th day of March, 1919, counsel for appellant filed with the clerk of the district court of Doña Ana county an application for an appeal.    The order granting the appeal was signed by the district judge on the 27th day of March, and was filed in the office of the clerk of the district court on the 26th day of April, 1919.

Section 1, c. 43, Laws 1917, gives any party aggrieved the right to appeal at any time ''within six months from

the entry of any final judgment in any civil action.'' Appellee has moved to dismiss the appeal herein, because it was not taken within the time limited by the statute. Judgment having been entered on the 26th day of September, 1918, the six months within which the appeal could be taken expired on the 26th day of March, 1919. Appellant contends that the appeal was taken by the filing of the motion therefor on the 25th day of March, 1919, in the office of the clerk of the district court, that the granting of the appeal was a matter of right, and that the order of the court allowing the appeal was a ministerial act at most, and that he should not be prejudiced by reason of the absence or failure of the judge to act. If, however, we accept appellant's statement as true—i. e., that the appeal was taken on the 25th day of March by the filing of his application therefor, and that this was within the six months period limited by the statute—appellant is then confronted with a jurisdictional defect which necessitates a dismissal of the appeal.

Section 15, c. 43, Laws 1917, requires the filing of a cost bond within 30 days from the time of taking an appeal or suing out a writ of error, and further provides that upon failure so to do the appeal ''shall fail.'' In the case of Hernandez v. Roberts, 24 N. M. 253, 173 Pac. 1034, in discussing the effect of this statute, we said:

"It provides that in case of failure to file the bond the appeal or writ of error shall fail. * * * This court is deprived of jurisdiction to hear and determine the cause in case of failure to file the bond, and this consequence is not to be avoided by either waiver or consent of the opposite party. It is a provision evidently intended by the Legislature to abate all causes brought into this court in which these requirements have not been complied with."

Accepting appellant's statement as correct that his appeal was taken on the 25th day of March, the time to file the cost bond expired within 30 days, or on, to wit, the 24th day of April, 1919. The cost bond was not filed until the 26th day of April, consequently not within the time limited, and this court would be without jurisdiction to hear and determine the appeal.

Therefore, under either view of the case, the appeal will have to be dismissed; and it is so ordered.

PARKER, C. J., and RAYNOLDS, J., concur.