74 P.2d 722

**JARITAS LIVE STOCK CO. v. SPRIGGS et ux.**

No. 4325.

Supreme Court of New Mexico.

Dec. 1, 1937.

V. A. Doggett, of Raton, for appellant.

F. S. Merriau and Fred C. Stringfellow, both of Raton, for appellee.

PER CURIAM.

This cause is before us on a motion to dismiss the appeal and involves construction of sections 1 and 5 of rule 5 of this court, which sections are as follows:

"1. Within three months from the entry of any final judgment in any civil action any party aggrieved may appeal therefrom to the Supreme Court."

"5. Appeals, as provided by law, shall be allowed upon written application to and the order of the district court in which the judgment is rendered."

The parties agree that "three months," as used in the foregoing section, means three calendar months (62 C.J. 970); also, that the motion for appeal was filed in the clerk's office of the district court of Colfax county, Eighth judicial district, on the day next preceding the last day of the three-month period, and was forwarded by mail, with a prepared order, to Hon. Thomas J. Mabry, judge of the Second judicial district, at Albuquerque, who presided at the trial by designation of the chief justice, and that the order was not signed until the day after the expiration of the three-month period. The issue involved here was clearly stated in State v. Capital City Bank, 31 N.M. 430, 246 P. 899, 901, cited by both parties, wherein Mr. Chief Justice Parker commented upon a statute with similar provisions to our rule, as follows: "Whether an aggrieved party might not be in time if he filed his application in the clerk's office for an appeal within six months from the entry of the final judgment, and notwithstanding the court might fail to make the order of allowance until after the expiration of the six months, we do not decide, because the same is not involved here. Common prudence would seem to dictate the filing and presentation to the judge of the application for an appeal and the securing of the order within the six months. Circumstances might arise on account of the absence of the judge, or his inability to act for some reason, which might put an appellant in a disadvantageous posi-

tion, unless it could be held under section 1 of the act that, if the party files his application for an appeal within time, the court might thereafter make the allowance of the appeal; but until such question is presented, we express no opinion thereon."

■ It is the policy of this court to construe its rules liberally to the end that causes on appeal may be determined on the merits, where it can be done without impeding or confusing administration or perpetrating injustice. Courts of many other states hold such views: Smythe v. Boswell, 117 Ind. 365, 20 N.E. 263; Hannah Cummings Adm'x v. Jesse Hugh, 2 Vt. 578; Jones v. Moise et al. (Ind.App.) 8 N.E.2d 99; McFadden v. Pennzoil Co., 326 Pa. 277, 191 A. 584; State v. Kacar, 74 Mont. 269, 240 P. 365; In re Loewenbach's Will, 210 Wis. 253, 246 N.W. 332; Carras v. Bungalow Sandwich Shoppe Co., 257 Mich. 467, 241 N.W. 230; 2 R.C.L. 100, § 73.

The United States Supreme Court in Latham v. United States, 9 Wall. (76 U.S.) 145, 19 L.Ed. 772 said:

"This is a motion to dismiss the appeal from the judgment of the Court of Claims, on the ground that it was not allowed within the ninety days fixed by the statute.

"And it appears that the order of allowance was not made within the statutory time. But it also appears, on examination, that the prayer for allowance was within

the time, and we have heretofore held that the order allowing the appeal must have relation back to the date of the prayer for allowance, and be considered as made on that day.

"The motion must, therefore, be denied."

While the rules of the Court of Claims declare that the limitation of time for granting appeals shall cease to run from the time application for its allowance is made, and that the filing of the application shall be deemed to be its date (see J. D. Randall Co. v. Foglesong Machine Co. [C.C.A.] 200 F. 741), the reasoning of the court supports the conclusion we have reached.

■■ We hold that where an application for an appeal is filed within the time fixed by the rule, and the appellant proceeds without delay to obtain an order granting the appeal, he is within the spirit of the rule. In this case the appellant mailed the motion and the prepared order to the trial judge promptly and the order was filed one day after the expiration of the period. He thereafter had prepared and filed a transcript in this court consisting of 366 pages.

We therefore hold that the motion to dismiss the appeal must be denied. It is so ordered.

HUDSPETH, C. J., and BICKLEY, BRICE, and ZINN, JJ., concur.

SADLER, J., did not participate.