74 P.2d 67

**ALBUQUERQUE GUN CLUB, Inc., v. MIDDLE RIO GRANDE CONSERVANCY DIST.**

No. 4130.

Supreme Court of New Mexico.

Dec. 1, 1937.

Marron & Wood, of Albuquerque, for appellant.

Rodey & Dickason, of Albuquerque, for appellee.

BICKLEY, Justice.

Appellant sought and recovered damages for the taking of and damage to its property under and by virtue of section 30-904, N. M. S. A. 1929, being a part of what is known as "The Conservancy Act of New Mexico."

█ We cannot consider any of the questions, rulings as to which are assigned as errors, for want of jurisdiction of the appeal; the same not having been taken within the time prescribed by the statute applicable to appeals from orders and decrees of the court made pursuant to the authority of the Conservancy Act. Section 30-903, N. M. S. A. 1929, is as follows: "The right of appeal from orders and decrees of said court shall exist as in civil cases, except no proceeding to review an order or decree of the court, entered under the provisions of this act, shall be commenced after thirty (30) days from the entry of the order or decree sought to be reviewed."

We held in Gallup Southwestern Coal Co. v. Gallup American Coal Co., 39 N.M. 94, 40 P.2d 627, that a final order in condemnation proceedings to secure right of way over lands of another is not appealable. It appears that if appellant has a right of appeal at all, it falls within and is controlled by the statute last heretofore quoted, and not within the general statutes covering appeals from judgments in district courts, at least in so far as the time for taking the appeal is concerned.

█ This attempted appeal was not taken until after 30 days from the entry of the judgment sought to be reviewed. No motion or insistence was made by appellee to dismiss the appeal for want of jurisdiction until after brief of appellee was filed and this court had called attention of counsel to its apparent lack of jurisdiction and requested that briefs be filed on the jurisdictional question. Counsel for the parties have responded generously and ably to the court's request. When the question of want of jurisdiction comes to the attention of the court, it is one which it is our duty to decide. The Supreme Court will not consider an appeal where it is taken after the time allowed by law for the taking of such appeal. The joinder in error waives irregularities in the mode of taking the appeal, but it does not dispense with the time of appeal. McKenzie v. Jensen, 200 Ala. 191, 75 So. 939.

It was decided by the Court of Appeals of Ohio: "Where error proceedings are not commenced within 70-day period, reviewing court sua sponte looks to question of jurisdiction and no plea or motion is necessary to raise such issue." In re Gausepohl's Guardianship, 51 Ohio App. 261, 200 N.E. 520.

In 4 C.J.S. Appeal and Error, § 428, is found the following:

"Appeals or other proceedings for review must be prayed, taken, or perfected within such time as may be fixed therefor by governing rules of court or, as is more frequently the case, statutes. * * *

"Frequently, and indeed it might be said commonly, the time within which a proceed-

ing to review the action of a lower court must be prayed, taken, and perfected is regulated by statute, and, where that is so, the statutes are jurisdictional and mandatory and the proceedings must be taken and perfected within the prescribed statutory time. * * *

"Such statutes have been held not to be technically statutes of limitation, hence not subject to the usual incidents of such statutes."

This is an amplification of the text in 3 C.J. Appeal and Error, § 1032, which, with section 1077 of said text, as follows, "The general rule is that the time prescribed by statute for taking or perfecting an appeal or proceeding in error is jurisdictional," is cited with approval by this court in De Fayette v. Bowman, 25 N.M. 296, 181 P. 427.

In Jordan v. Jordan, 29 N.M. 95, 218 P. 1035, 1036, we said: "The right of appeal to this court is nowhere granted by the Constitution. By section 2 of article 6, the appellate jurisdiction of this court is prescribed, but the right of litigants to appeal and thereby invoke such jurisdiction is not there granted; such being left to the Legislature. [Citing cases.] So that the appellant must derive his right to appeal from the order in question by the provisions of section 2 of the statute. But the insurmountable obstacle which confronts him is that, by the very terms of the act which gives him the right of appeal, it is expressly provided that he shall pray therefor within 20 days from the entry of the order appealed from. This he failed to do.

On the contrary, he waited almost 90 days after this order was entered before he first prayed his appeal. This was not timely, as it did not come within the plain and mandatory provisions of the statute."

As the Mississippi Supreme Court, in Town of Tutwiler v. Gibson, 117 Miss. 879, 78 So. 926, admirably phrased it: "It will appear that the right granted by the first of these sections is not simply the right to appeal but the right to appeal within a specified time." In the same case, the court said: "It is, for obvious reasons, to the interest of the public that the time within which appeals in civil cases can be taken should be limited."

Doubtless these reasons of public policy have influenced the courts to hold almost uniformly in accordance with the principle announced in 3 C.J. Appeal and Error, § 1083: "The general rule, however, is that the statutes requiring appeals or proceedings in error to be taken and perfected within a certain time are jurisdictional, and that the time cannot be extended by agreement or stipulation or by express or implied waiver."

See, also, cases collected in Decennial Digests, Appeal and Error, ⊛355. A few illustrative holdings are:

"Parties cannot confer jurisdiction on the circuit court of appeals to review a judgment six months after its entry by the voluntary appearance of necessary parties to the appeal." Dodson v. Fletcher, 79 F. 129, 24 C.C.A. 466.

"Defect in jurisdiction, by reason of failure to take appeal within time prescribed therefor, cannot be waived by filing of briefs on the merits, nor an estoppel created thereby." Ross v. White (C.C.A.) 32 F.2d 750, certiorari denied 280 U.S. 584, 585, 50 S.Ct. 35, 74 L.Ed. 633.

In Colbert County v. Tennessee Valley Bank, 225 Ala. 632, 144 So. 803, it was decided:

"Taking of appeal within time required is jurisdictional and cannot be waived by parties."

"Compliance with Rev.Gen.St.1920, §§ 2908, 3167, 3168, 3173, requiring appeal from chancery order or decree to be taken within six months of the date of the entry of the order or decree, cannot be waived by appellees, either expressly or impliedly." Reed v. Cromer, 86 Fla. 390, 98 So. 329.

"That appellees participated after the filing of an appeal in an argument regarding what the bill of exceptions should contain did not estop them from objecting in the Court of Appeals that the appeal was not taken in time." Kamps v. Alexander, 133 Md. 198, 104 A. 427.

"Parties to a divorce action cannot, by formal entry of appearance or by agreement, extend the limitation of time for appeal provided in Gen.Code, § 12270." Wells v. Wells, 105 Ohio St. 471, 138 N.E. 71.

In 3 Am.Jur. Appeal and Error, § 417, it is said: "It is essential to the jurisdiction of the appellate court that the proceeding be taken within the time limited."

Many decisions are cited in support of the text.

In some jurisdictions, provisions are made authorizing the enlargement of the time for taking an appeal. Not only is there an absence of such authority here, but section 105-704, N. M. S. A. 1929, manifests a contrary legislative intent. This section has been incorporated into one of the rules of pleading, practice and procedure as No. 105-704, as follows:

"The time within which any proceeding in an action must be had after its commencement, *except the time within which an appeal must be taken, or writ of error sued out,* may be enlarged, on motion, proper cause being shown therefor, and the judge may dispense with the notice in his discretion." (Italics ours.)

It seems not necessary to multiply citations. Our own court in Jordan v. Jordan and De Fayette v. Bowman, supra, have held the statute mandatory and jurisdictional. The texts which have been quoted apparently use "mandatory" and "jurisdictional" interchangeably. In Ballantine's Law Dictionary, defining "mandatory statute" it is said: "A statute the omission to follow which renders the proceeding to which it relates illegal and void. In a statutory proceeding, every act which is jurisdictional or of the essence of the proceeding or prescribed for the benefit of the party affected is mandatory"; citing 25 R.C.L. 766.

Our attention is called to the circumstance that the language of section 30-903, quoted

supra, is less hospitable to appellant than the general statutes and rules governing appeals from judgments of the district court. Whereas the latter is couched in language permissive of a right to appeal under certain conditions, the statute here involved is prohibitory in its terms, and says that "no proceedings to review * * * shall be commenced after thirty (30) days from the entry of the order or decree sought to be reviewed.".

It appears from all of the foregoing that the appeal must be dismissed, and it is so ordered.

HUDSPETH, C. J., and SADLER, BRICE, and ZINN, JJ., concur.