333 P.2d 882

Sabino CHAVEZ, Administrator of the Estate of Federico Juan Chavez, deceased, Plaintiff-Appellant,

v.

The VILLAGE OF CIMARRON, a Municipal Corporation of the State of New Mexico, and Gilbert Caldwell, Defendants-Appellees.

No. 6408.

Supreme Court of New Mexico.

Dec. 31, 1958.

142

Donald A. Martinez, Las Vegas, for appellant.

John B. Wright, Paul A. Kastler, Raton, for appellees.

McGHEE, Justice.

The appellant, plaintiff below, has filed herein his motion asking this Court to recall the mandate issued by it on September 4, 1958, and praying leave to file herein his motion for rehearing on the order entered on September 3, 1958 dismissing his appeal from an order holding barred his complaint in an action wherein he sought damages against the defendant for the wrongful death of his decedent.

The defendant Caldwell was the Marshal of the Village of Cimarron, and at the time of the hearing below he was by common consent dropped as a defendant, thus leaving the village the sole defendant.

The trial judge upheld the contention of the village that plaintiff's cause of action was barred by the provisions of § 23–1–23 N.M.S.A., 1953, for the reason that the suit had not been filed against the village within one year from the date of the alleged tort, and directed that an order of dismissal be drawn by the defendant's attorney, submitted to plaintiff's attorney, and then forwarded to him at Portales, New Mexico, for signature. This course was followed, the order was signed and forwarded to the clerk of the court and it was entered on June 18, 1956.

A motion for an appeal and an order allowing it were entered on August 14, 1956, almost sixty days after the entry of the order of dismissal, instead of within thirty days as our Supreme Court Rule 5(1), as amended, requires, § 21–2–1(5) (1) N.M.S.A., 1953.

Following the dismissal of the appeal by this Court, the plaintiff moved in the district court for an order in said cause vacating the order from which an appeal had been taken and dismissed here. At the hearing on this motion the district court made and entered the following order:

"* * * The above entitled matter having come on for the consideration of the Court upon Plaintiff's motion to vacate and set aside the Judgment made and entered herein on the 18th day of June, *1955*, (1956) and the Court having read and considered said motion, and being now fully advised and informed in the premises, and satisfied therewith, Finds:

"1. That this matter was heard before the Honorable E. T. Hensley, Jr., District Judge, sitting herein by designation of the Supreme Court of the State of New Mexico, on the 8th day of June, 1956.

"2. That at the conclusion of the hearing on said date, the Court announced its decision sustaining the Defendant's Fourth Defense, and instructed Defendant's attorney as follows:

"'Let an order be prepared to that effect; submit it to counsel for the plaintiffs so that he may save his exceptions that he has noted here this morning in his argument, and when received with those provisions it will be signed and forwarded to the Clerk for filing.'

"3. That pursuant to the foregoing instructions of the Court, defendant's attorney, John B. Wright, prepared an appropriate Order and submitted the same to plaintiff's attorney, who approved it as to form and mailed it to the Honorable E. T. Hensley, Jr., at Portales, New Mexico, with the request that he be advised as to the date the same was signed.

"4. That Plaintiff's attorney was not notified as to the date of the signing of said Order, or of the date of its entry, and as a result thereof failed to file his motion for allowance of appeal within the time provided by the rules, and that such failure was the result of mistake, inadvertence and excusable neglect, in that Plaintiff's attorney relied on the Court to notify him of said dates, and in that this case is a Colfax County case, the trial judge resides in Portales, New Mexico, and Plaintiff's attorney resides in Las Vegas, New Mexico, and communication between those concerned was thus rendered more difficult.

"5. That Plaintiff is entitled to relief from said Judgment, and that such relief is justified, in that Plaintiff, by reason of the premises, has been denied his right of appeal and his right to have said Judgment reviewed, and that said Judgment should be vacated, and re-entered, in order to afford Plaintiff an opportunity to take an appeal from the same, to the end that said Order might be reviewed, upon appeal, upon its merits, the real parties in interest herein being a minor widow and an infant child.

"6. That good cause has been shown for the granting of said motion.

"Now, Therefore, It Is Hereby Ordered By the Court, that the Judgment, or Order, made and entered herein on the 18th day of June, 1956, be, and the same hereby is, vacated and set aside.

"It Is Further Ordered By the Court that Plaintiff's attorney forthwith prepare and submit a new Judgment, or Order, en haec verba, to be made and entered herein following the entry of this Order.

"Dated this 3rd day of January, 1958.

"E. T. Hensley, Jr., District Judge."

A new judgment was then entered in accordance with the order, following which the plaintiff asked for and secured an order granting an appeal from the new and substituted order dismissing plaintiff's complaint.

We sustained a motion to dismiss the second appeal, and it is for relief from such order the plaintiff now seeks relief by way of an order vacating the dismissal. The motion to dismiss the second appeal was that it was an effort on the part of the plaintiff to escape the effect of failure to prosecute a timely appeal from the first order, which the plaintiff frankly admits, asserting at the same time that he was caught in such position through no fault of his own, in that he relied upon the District Judge notifying him of the signing and mailing of the order or judgment of dismissal.

We have held many times that the timely allowance of an appeal is jurisdictional to place a case on the docket of this Court for review. A few of them are: De Fayette v. Bowman, 25 N.M. 296, 181 P. 427; Simmers v. Boyd, 26 N.M. 208,

190 P. 732; Albuquerque Gun Club v. Middle Rio Grande Conservancy District, 42 N.M. 8, 74 P.2d 67; State v. Arnold, 51 N.M. 311, 183 P.2d 845; Breithaupt v. State, 57 N.M. 46, 253 P.2d 585; Public Service Company of New Mexico v. First Judicial District Court, 65 N.M. 185, 334 P.2d 713.

The plaintiff relies on District Court Rule 60(b) as justification for what was done by the District Court in vacating the first order or judgment, placing special reliance on subsection (6). The rule reads:

"On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) Mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; *or (6) any other reason justifying relief from the operation of the judg-ment.* The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order, or proceeding was entered or taken. A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation. This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order or proceeding, or to set aside a judgment for fraud upon the court. Writs of coram nobis, coram vobis, audita querela, and bills of review, * * * are abolished, and the proceeding for obtaining any relief from a judgment shall be by motion as prescribed in these rules or by an independent action." (Emphasis ours.)

The plaintiff places great reliance on Commercial Credit Corporation v. United States, 8 Cir., 1949, 175 F.2d 905, and Hill v. Hawes, 1944, 320 U.S. 520, 64 S.Ct. 334, 88 L.Ed. 283, where the clerk of the federal district court had failed to comply with Federal Rule 77(d), 28 U.S.C.A., in giving notice to the losing attorney of the entry of a judgment. It was held in effect in these cases that the failure to give the notice tolled the time for taking an appeal, and the plaintiff says here the failure of Judge Hensley to notify him of the signing and mailing of the order of dismissal likewise tolled the time.

There the clerk of the court failed to comply with a positive rule of the court to give notice, but here we have the failure of Judge Hensley to comply with the written request of plaintiff's attorney that he be notified of the mailing of the order to the clerk. The giving of such a notice is no part of the duties of a District Judge; we have clerks whose duty it is to give such information when requested, but we do not have any rule comparable to Rule 77(d) of the Federal Rules. A letter addressed to the clerk, or a telephone call requesting this information would no doubt have promptly brought it.

█ The only time limit on a motion seeking relief under Rule 60(b) (6) is that it be made within a reasonable time. We do not believe it was ever intended that this rule be used to toll the time for an appeal, and in the face of our many decisions that the taking of an appeal within the time provided is jurisdictional we must hold it may not be so used.

█ This case is one with a strong appeal to our sympathies, but we can not allow such to unduly influence us on a jurisdictional question, although it seems to have happened one time as shown by the Per Curiam opinion in Jaritas Live Stock Co. v. Spriggs, 1939, 42 N.M. 14, 74 P.2d 722, where a motion to dismiss was denied. However, in that case the order had been mailed by the Judge who tried the case but it did not reach the clerk within the time provided by the rule. It is interesting to note this case has never been cited.

The motion to recall the mandate and vacate the order of dismissal is denied.

LUJAN, C. J., and COMPTON, J., concur.

SHILLINGLAW and SADLER, JJ., concurring specially.

SHILLINGLAW, Justice (concurring specially).

If there be any doubt in my mind as to the correctness of Mr. Justice McGHEE's holding that the trial court had no jurisdiction, and I must admit that our holding in Jaritas Live Stock Co. v. Spriggs, 42 N.M. 14, 74 P.2d 722, does raise some doubt, I nevertheless feel that if the trial court had jurisdiction, it lost it after the expiration of one year. In other words, appellant's right to relief was controlled by Rule 60(b) (1), Rules of Civil Procedure, under the facts in this case.

I take this occasion to express my doubt as to the wisdom of Supreme Court Rule 5(1) limiting the right of appeal to a thirty day period. See, dissenting opinion in Scofield v. J. W. Jones Construction Co., 64 N.M. 319, 328 P.2d 389; see also, Public

Service Company of New Mexico v. First Judicial District Court, 65 N.M. 185, 334 P.2d 713.

SADLER, Justice (concurring specially).

This will note my concurrence in the opinion for the Court prepared by Mr. Justice McGHEE. At the time attorney for plaintiff suffered the pitfall of default, he had never had an acknowledgment from the trial judge of his letter transmitting the order of dismissal. For aught he knew it might have miscarried.

Furthermore, for some time in my consideration of this matter, I suffered under the mistaken idea that the trial judge had made plaintiff's attorney a *promise* to notify him when he signed the order. Such is not the case. He simply overlooked a request so to do.

On the other hand, I am disposed to agree with Mr. Justice SHILLINGLAW that if the trial court did have jurisdiction of the case under Jaritas Live Stock Co. v. Spriggs, 42 N.M. 14, 74 P.2d 722, it would fall under the ban of District Court Rule 60b(1).

I entertained the doubt expressed by Mr. Justice SHILLINGLAW as to the wisdom of limiting the right of appeal to 30 days, so stating in my dissent attached to the order but my mild protest was unavailing. As a matter of fact with the free and liberal use made in this state of our statutory disqualification statute, many attorneys who must resort to mail to get their orders allowing appeals to the court do not have the full 30 days allowed by the rule. But the Rule has now been in force four years and attorneys have had full opportunity to accommodate themselves to its provisions.

I concur in the result.