481 P.2d 400

E–L SKIP TRACING AND COLLECTION SERVICE, INC., Plaintiff-Appellee,

v.

Charles J. STEIN, Defendant-Appellant.

No. 9122.

Supreme Court of New Mexico.

Feb. 15, 1971.

Rehearing Denied March 9, 1971.

Motion for Leave to File Second Rehearing Denied March 19, 1971.

Charles J. Stein, pro se.

J. Stephen Gammill, Albuquerque, for appellee.

OPINION

COMPTON, Chief Justice.

This cause originated in the Small Claims Court of Bernalillo County on an account, and the decisive question presented is whether the appellant's appeal to the district court was timely. We conclude it was not.

Section 16–5–12, N.M.S.A.1953, states in part:

"Appeals to district court.—Any person aggrieved by any decision of any such small claims court, may appeal to the district court of the county in which such decision has been rendered, or order or judgment made, by filing within thirty (30) days of the entry of same, a motion praying for an appeal; and upon the allowance of same, shall within ten (10) days thereafter, file an appeal bond with two [2] or more sureties, conditioned that such appellant shall prosecute his appeal with diligence and effect and pay all costs of such appeal as shall be lawfully adjudged against him; such bond shall be approved in writing by the judge of such court; * * *."

Summary judgment was entered by the small claims court on June 2, 1969. On July 1, 1969, appellant moved for the allowance of an appeal to the district court. The order granting the motion and fixing the amount of the appeal bond was entered by the small claims court on July 7, 1969, but no appeal bond was filed within 10 days thereafter. The district court entered judgment affirming the judgment of the small claims court and appellant has appealed.

The requirements of § 16–5–12, supra, are mandatory, and timely compliance therewith is jurisdictional. See Chavez v. Village of Cimarron, 65 N.M. 141, 333 P.2d 882.

The judgment should be affirmed, and it is so ordered.

TACKETT and STEPHENSON, JJ., concur.