563 P.2d 97

**Leonard OLGUIN, Petitioner,**

v.

**STATE of New Mexico, Respondent.**

**No. 11288.**

Supreme Court of New Mexico.

April 25, 1977.

Jan A. Hartke, Chief Public Defender, Reginald J. Storment, Appellate Defender, Santa Fe, for petitioner.

Toney Anaya, Atty. Gen., Santa Fe, for respondent.

## OPINION

PAYNE, Justice.

The defendant Olguin was convicted of the crimes of battery and possession of a deadly weapon by a prisoner. Notice of appeal from the judgment was timely filed, but a docketing statement, which is required by N.M.R.Crim.App. 205(a)[1], was not timely filed. Defendant's appointed counsel was called several times by the clerk of the Court of Appeals in an attempt to correct the problem. These attempts resulted in statements by counsel that he was "incredibly busy" and would send a motion to extend the time for filing the docketing statement. This was never done. Counsel finally tendered a docketing statement on the day set for the hearing of an order to show cause why the appeal should not be dismissed pursuant to N.M.R.Crim. App. 404(a)[2]. The Court of Appeals heard the argument of counsel as to why he had not complied with the rules in behalf of his

1. Section 41–23A–205(a), N.M.S.A.1953 (Supp. 1975).

2. Section 41–23A–404(a), N.M.S.A.1953 (Supp. 1975).

client. It concluded that no sanctions should be imposed upon the attorney, but refused to accept the docketing statement for late filing and dismissed the appeal pursuant to N.M.R.Crim.App. 102[3]. Certiorari was granted to review the dismissal.

■■ The defendant Olguin seeks relief by relying upon the New Mexico Constitution, art. VI, § 2. That section provides "that an aggrieved party shall have an absolute right to one appeal." This does not mean that a party can disregard time limits provided for in the rules of appellate procedure. The right of appeal is provided for in the Constitution while the means for exercising that right are properly controlled by rules of procedure. *State v. Garlick,* 80 N.M. 352, 456 P.2d 185 (1969). The defendant's constitutional right to appeal was not abridged by the dismissal for failure to follow procedural rules.

■ There are adequate grounds to support defendant's petition for relief within the rules of procedure. Inherent within Rule 102 is the necessary latitude and flexibility to allow stern enforcement without depriving a party of his appeal. This rule provides as follows:

> For failure to comply with these rules or any order of court, the appellate court may, on motion or on its own initiative, take such action as it deems appropriate, including but not limited to citation of counsel or a party for contempt, refusal to consider the offending party's contentions, assessment of costs or, *in extreme cases,* dismissal or affirmance. (Emphasis added.)

New Mexico Criminal Appellate Rule 404(a), supra, provides as follows:

> When an appellant fails to comply with these rules, the appellate court shall notify the appellant that upon the expiration of ten [10] days from the date thereof the appeal will be dismissed unless prior to that date appellant shows cause why the appeal should not be dismissed.

Rules 102 and 404 are enforcement rules designed to give the courts sufficient power to insure that appellants comply with other procedural rules. Previous opinions of this court have recognized that appeals could be dismissed for failure to follow appellate procedures that are outlined. *Vigil v. State,* 89 N.M. 601, 555 P.2d 901 (1976); *State v. Garlick,* supra; *Jaritas Live Stock Co. v. Spriggs,* 42 N.M. 14, 74 P.2d 722 (1937).

■ Procedural rules of courts must be carefully followed to provide for orderly disposition of cases. However, this court has consistently followed a policy of construing rules liberally, "to the end that causes on appeal may be determined on the merits where it can be done without impeding or confusing administration or perpetrating injustice." *Jaritas Live Stock Co. v. Spriggs,* supra at 16, 74 P.2d at 722.

■ Rule 102 provides that only in extreme cases is the appeal to be dismissed. In *Vigil v. State,* supra, we declined to define the parameters of what constitutes an "extreme case." This must be determined on a case by case basis and no party or counsel can assume that procedural rules can be disregarded without the possibility that his case will be dismissed. The court should consider other sanctions against counsel or a party prior to applying the extreme sanction of dismissal.

■ In the case at bar, the appellate court did consider sanctions against counsel but did not feel compelled to impose them. It is inconsistent to impose the most severe sanction of dismissal against the defendant while failing to impose any sanction against heedless counsel upon whom the defendant relied.

We therefore reverse the dismissal of the appeal and remand the matter to the Court of Appeals with instructions to allow the filing of a docketing statement and to reinstate the matter for its determination upon the merits.

IT IS SO ORDERED.

McMANUS, C. J., and SOSA and EASLEY, JJ., concur.

---

**3.** Section 41–23A–102, N.M.S.A.1953 (Supp. 1975).