This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-37672**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**JOSEPH ALFONSE TORRES,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Christina P. Argyres, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Roderick L. DeAguero
Albuquerque, NM

for Appellant

### MEMORANDUM OPINION

**VANZI, Judge.**

**{1}** Summary affirmance was proposed for the reasons stated in the notice of proposed summary disposition. No memorandum opposing summary affirmance has been filed and the time for doing so has expired. **AFFIRMED.**

**{2}** **IT IS SO ORDERED.**

**RESPONSE TO DISSENT**

**{3}** The dissent is meritless.

**{4}** There is no basis for the dissent's suggestion that this Court's disposition "foreclose[s]" or "jeopardiz[es] Defendant's constitutional right to an appeal." The New Mexico Constitution does afford the "right to one appeal." NM Const. art. VI, § 2 ("[A]n aggrieved party shall have an absolute right to one appeal."). But Defendant has exercised that right. And this Court has "consider[ed] Defendant's issues raised on appeal"—even though his notice of appeal was not timely filed—and addressed each of Defendant's arguments for reversal in the previously issued six-page notice proposing summary affirmance (Notice), that underlies this memorandum opinion (Opinion).

**{5}** The dissenting judge apparently believes that Defendant has been denied something this Court is required to provide to litigants who exercise "the right to one appeal" because the Notice "does not substantively address the issues raised on appeal." The dissent's characterization of the Notice (including the statement that the Notice "proposed to affirm on the basis that Defendant did not provide adequate information in his docketing statement") is inaccurate, as is the suggestion that this Court disposed of this appeal without considering "the merits." The Notice explained that this Court proposed to affirm because Defendant has not met his burden to establish error in the judgment he appeals. *See, e.g., State v. Aragon*, 1999-NMCA-060, ¶ 10, 127 N.M. 393, 981 P.2d 1211 (stating that we presume "correctness in the district court's rulings" and that the defendant bears the "burden on appeal to demonstrate any claimed error below" (alterations, internal quotation marks and citation omitted)); *see also State v. Clifford*, 1994-NMSC-048, ¶ 19, 117 N.M. 508, 873 P.2d 254 ("We remind counsel that we are not required to do their research, and that this Court will not review issues raised in appellate briefs that are unsupported by cited authority. When a criminal conviction is being challenged, counsel should properly present this Court with the issues, arguments, and proper authority." (citations omitted)). And in addressing each argument Defendant raised on appeal, the Notice cited well-established law that has been and continues to be applied in countless New Mexico appellate decisions— decided on both the general and summary calendars—including opinions the dissenting judge has authored and concurred in.

**{6}** New Mexico appellate courts routinely affirm orders and judgments based on the appellant's failure to meet various burdens imposed by law (including court rules). That hardly means that those decisions have disposed of the "one appeal" to which an appellant is constitutionally entitled without considering "the merits." The disposition of this appeal is no less "on the merits" than is the disposition of any appeal in which an appellate court addresses the appellant's arguments by applying the principles and citing the case law the Notice applied and cited. If so inclined, Defendant may "pursue his appeal" from this summary disposition through the mechanisms afforded by the appellate rules. There is no basis to treat this Court's summary affirmance of the judgment below as an infringement of Defendant's constitutional "right to one appeal."

**{7}** The dissent cites the non-precedential decision in *Dombos v. Stewart*, No. S-1-SC-37164, ¶ 2 (N.M. Sup. Ct. Dec. 12, 2019) (order), for the proposition that "New Mexico has consistently followed a policy of construing rules liberally, to the end that causes on appeal may be determined on the merits where it can be done without

impeding or confusing administration or perpetrating injustice." (internal quotation marks and citation omitted). This admonition has appeared in appellate decisions for decades. But it has no application here. The cited policy is explicitly stated as addressed "to the end that causes on appeal may be determined on the merits." *Montgomery v. Cook*, 1966-NMSC-073, ¶ 23, 76 N.M. 199, 413 P.2d 477 ("It is also well settled that this [C]ourt will construe its rules liberally to the end that causes on appeal may be determined on the merits."). And the decisions in which it appears—*Dombos* included— are cases in which an appeal has been *dismissed* based on the appellant's failure to comply with a mandatory procedural rule, with no consideration given to the appellant's arguments for reversal. That did not happen here. To the contrary, this Court considered and addressed "Defendant's issues raised on appeal" and "determined" them "on the merits." But even if this Court had dismissed Defendant's appeal, dismissal is *not* a violation of the constitutional "right to one appeal," as our Supreme Court held in the case cited in *Dombos* for the proposition the dissent relies on. *See Olguin v. State*, 1977-NMSC-034, ¶ 2, 90 N.M. 303, 563 P.2d 97 (explaining that "[t]he right of appeal is provided for in the Constitution while the means for exercising that right are properly controlled by rules of procedure"; holding that "[t]he defendant's constitutional right to appeal was not abridged by the dismissal for failure to follow procedural rules" (citation omitted)).

**{8}** This Court, moreover, did *not* "decide [Defendant']s appeal 'on the merits' based solely upon the fact that he filed no response within the window provided by our appellate rules," as the dissent asserts. Nor is the disposition of this appeal predicated on a failure to comply with a mandatory procedural rule. As discussed, the Notice upon which this Opinion is based considered and addressed each argument Defendant raised on appeal and concluded that Defendant has not met his burden to demonstrate error in the judgment below. While Rule 12-210(D) NMRA allows litigants to file memoranda in response to notices of proposed dispositions within a stated time frame, it does not require such memoranda. Our Supreme Court so held in *State v. Simpson*, 1993-NMSC-073, 116 N.M. 768, 867 P.2d 1150, in which the state argued that the defendant's appeal should be remanded to this Court because Rule 12-210(D) "required [the defendant] to respond" to this Court's "two calendar notices, both proposing summary affirmance[,]" and the defendant had not responded to the second notice. 1993-NMSC-073, ¶¶ 6-8. In rejecting this argument, our Supreme Court held that Rule 12-210(D) allows a party to file a response to a calendar notice within the time stated, but "contrary to the [s]tate's assertion it does not require a party to file a response." *Id.* ¶ 7. Our Supreme Court added, "[the defendant] evidently saw no reason to prolong the debate with the Court of Appeals and instead elected to take his chances by filing a petition for a writ of certiorari in this Court. He was entitled to make that choice, and Rule 12-210(D)(3) did not require him to do otherwise." *Id.* ¶ 8. Litigants in this Court, including criminal defendants, regularly make similar decisions. This Court has previously treated Rule 12-210(D) as discretionary, and noted that "[f]ailure to file a memorandum in opposition constitutes acceptance of the disposition proposed in the calendar notice." *Frick v. Veazey*, 1993-NMCA-119, ¶ 2, 116 N.M. 246, 861 P.2d 287. There is no basis to treat the failure to file a memorandum in response to a calendar

notice as a rule violation (much less, grounds for a show cause order), any more than there would be to treat the failure to file a reply brief as a rule violation.

**{9}** No doubt the dissenting judge would remind us that she "would have issued an order to show cause why Defendant's attorney should not be sanctioned, pursuant to Rule 12-312 NMRA, for failing to open and review our summary calendar notice before summarily affirming Defendant's appeal on the merits." But Rule 12-312 addresses "[f]ailure to comply with rules[,]" and the sanctions permitted by Rule 12-312(D) are "[f]or any failure to comply with these rules or any order of the court[.]" As discussed, no rule requires the filing of a memorandum in opposition. This Court's summary affirmance of the judgment below is in no way a sanction imposed for failure to comply with an appellate rule. And the dissent identifies no rule violation that could serve as grounds for a show cause order.

**{10}** There also is no basis to treat as established facts the dissent's assumptions that (1) Defendant's attorney "never opened"[1] an email from the Court's electronic filing service (EFS) transmitting the Notice; (2) Defendant "could not have been made aware of our proposed disposition or that he was under a deadline to respond"; (3) "Defendant's ability to pursue his appeal has been hampered by his attorney's error"; and (4) there is "serious harm at stake for Defendant." Nor is there any reason to "envision a variety of reasons" for that alleged "error," much less any basis for "[a] show cause order [that] would allow us to unearth the cause and fashion an appropriate remedy to redress the attorney's failure to open and review the notice" as a purportedly preferable alternative to "later habeas proceedings."

**{11}** Even if there were grounds for any of these postulations, no appellate rule states that attorneys must "open and review" EFS communications. Rule 12-307.2 NMRA requires that attorneys representing parties in this Court must register with the EFS and "add service contacts for those parties that they represent in cases governed by this rule." Rule 12-307.2(B)(4). The Rule further requires that such attorneys must "provide a valid, working, and regularly checked email address for the EFS" and also makes explicit that this "Court shall not be responsible for inoperable email addresses or unread email sent from the EFS." Rule 12-307.2(B)(5).

**{12}** The dissent asserts that "we can and often do. . . review whether an attorney has received and opened a document served by this Court, . . . particularly when a party's failure to respond raises a question about whether notice was ever received in the first place." The author is not aware that this Court has previously "review[ed] whether an attorney has received and opened a document served by this Court." The *Olguin* Court did note that "[the d]efendant's appointed counsel was called several times by the clerk of the Court of Appeals in an attempt to correct the [failure to file a docketing statement]." 1977-NMSC-034, ¶ 1. But the reasons for communications from this Court

---

[1]The author has no idea if or how it is possible to determine conclusively that Defendant's attorney "never opened" the EFS email transmitting the Notice, or why the Court employee who made this assertion did so. The author can say, anecdotally, that it is possible with at least some email programs to "review" the contents of emails without actually "opening" them.

in prior cases are not matters of record. Regardless, two things are abundantly clear: The even-handed application of the law (including court rules), and the "independent, fair, and impartial judiciary [that] is indispensable to our system of justice[,]" Rule 21-001(A) NMRA (Preamble), are not possible if individual judges act on behalf of certain litigants in certain cases while leaving other litigants to bear the consequences of the rules. And this Court's scant resources cannot possibly be expended on investigations and/or show cause proceedings initiated to determine whether every attorney has "opened and reviewed" every document sent from this Court's EFS.

**LINDA M. VANZI, Judge**

**I CONCUR:**

**JACQUELINE R. MEDINA, Judge**

**MEGAN P. DUFFY, Judge (dissenting).**

**DUFFY, Judge (dissenting).**

**{13}** During the course of reviewing this appeal, we learned that Defendant's attorney was sent electronic notice of our proposed summary affirmance on October 29, 2019, but never opened the email. Under the circumstances, I would have issued an order to show cause why Defendant's attorney should not be sanctioned pursuant to Rule 12-312 for failing to open and review our summary calendar notice before summarily affirming Defendant's appeal on the merits.

**{14}** At stake is a criminal defendant's constitutional right to an appeal. *See State v. Garcia*, 2019-NMCA-056, ¶ 40, 450 P.3d 418 ("In New Mexico, a defendant's right to appeal is established by Article VI, Section 2 of the New Mexico Constitution. The United States Supreme Court has made clear that where a state provides a right to appeal, the procedures used in deciding appeals must comport with the demands of the Due Process and Equal Protection Clauses of the Constitution." (internal quotation marks and citation omitted)), *cert. denied*, 2019-NMCERT-___ (No. S-1-SC-37766, Sept. 10, 2019). In this case, as a result of his attorney's failure to open our calendar notice, Defendant was never given the opportunity to consider whether to respond to our proposed affirmance—he could not have been made aware of our proposed disposition or that he was under a deadline to respond. The majority will nevertheless decide his appeal "on the merits"[2] based solely upon the fact that he filed no response within the window provided by our appellate rules. *See* Rule 12-210(D)(4). And although Defendant will have fifteen days after our opinion issues to file a motion for rehearing if he wishes to pursue his appeal, we risk permanently foreclosing his constitutional right to do so if his attorney—the same attorney who failed to open and review our last

---

[2]Although the disposition of this appeal is technically "on the merits," this Opinion does not substantively address the issues raised on appeal. The prior calendar notice proposed to affirm on the basis that Defendant did not provide adequate information in his docketing statement.

notice—does not receive or timely open our opinion here. Rule 12-404 NMRA (discussing procedures to request a rehearing).

**{15}**　While I agree with the majority that our appellate rules must be applied consistently, our Supreme Court recently cautioned and reminded this Court that "New Mexico has consistently followed a policy of construing rules liberally, to the end that causes on appeal may be determined on the merits where it can be done without impeding or confusing administration or perpetrating injustice." *Dombos*, No. S-1-SC-37164, ¶ 2 (N.M. Sup. Ct. Dec. 12, 2019) (reversing this Court's dismissal of a civil appeal based on the appellant's failure to timely file a brief in chief (internal quotation marks and citation omitted)); *see also* Rule 12-312(D) (providing for a variety of sanctions for failure to comply with rules). In my view, "proceed[ing] to decide the case summarily" under Rule 12-210(D)(4) fails to accomplish that purpose here, given that Defendant's ability to pursue his appeal has been hampered by his attorney's error. While Defendant is not required to file a response to our proposed summary affirmance, we cannot know under these circumstances that he did not wish to do so. Rather than deferring that issue to later habeas proceedings, the more prudent, efficient, and just measure would be to inquire why the omission occurred before undertaking a course of action that could further jeopardize Defendant's rights. Moreover, this approach may actually serve to expedite the ultimate appellate process here and avoid the unfortunate result in *Dombos*, where our dismissal of an appeal languished in our Supreme Court for over a year before being reversed and remanded to this Court for full consideration of the merits.

**{16}**　Electronic service is now mandatory under our appellate rules, both as the method for filing documents with this Court and for receiving service of documents from this Court. *See* Rule 12-307.2; *see also* Rule 16-104 NMRA (stating that a lawyer shall "promptly inform the client of any decision or circumstance with respect to which the client's informed consent" is required by the Rules of Professional Conduct). Notwithstanding this, I can envision a variety of reasons why Defendant's attorney failed to open the email service in this case, ranging in culpability from inadvertent to egregious. For example, the email may have been diverted to his spam folder, or he may be suffering from some lasting injury or impairment, or this may reflect a more serious problem underlying the lawyer's diligence and competence in representing Defendant. A show cause order would allow us to unearth the cause and fashion an appropriate remedy to redress the attorney's failure to open and review the notice without jeopardizing Defendant's constitutional right to an appeal. As the appellate rules do not require us to proceed upon a summary calendar notice within any particular time frame, and we have a variety of tools and discretion to ensure that the parties and attorneys comply with our rules, a brief inquiry poses little harm to this Court, as compared to the serious harm at stake for Defendant.

**{17}**　And finally, while we are under no obligation to review whether an attorney has received and opened a document electronically served by this Court, the reality is that we can and often do, particularly when a party's failure to respond raises a question about whether notice was ever received in the first place. Justice is not served by

turning a blind eye to this information in this case. For these reasons, I respectfully dissent.

**MEGAN P. DUFFY, Judge**